UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

UNITED STATES OF AMERICA

v.

DIAMOND TONEY and DEDRICK
BUFKIN

Case No.: 2:13-CR-54 JVB

**OPINION AND ORDER**

Following Diamond Toney's and Dedrick Bufkin's guilty pleas to brandishing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c), the Court sentenced them to imprisonment. According to the indictment, the predicate offense for the convictions—the crime of violence—was kidnapping as set out in 18 U.S.C. § 1201(a)(1). Following the Supreme Court's decision in *Johnson v. United States*, 135 S.Ct. 2551 (2015), both defendants moved to vacate their convictions pursuant to 28 U.S.C. § 2255(a). While they filed their petitions separately, they are identical. Therefore, the petitions can be addressed in a single order.

Both sides agree that the petitions are timely, but disagree whether kidnapping is in fact a crime of violence. And although both defendants had plea agreements with the government waiving their rights to contest their convictions collaterally as they're doing now,[1] the

---

[1] Both plea agreements contain the following waivers:
> . . . I expressly waive my right to appeal or to contest my conviction and my sentence or the manner in which my conviction or my sentence was determined or imposed, to any Court on any ground, including any claim of ineffective assistance of counsel unless the claimed ineffective assistance of counsel relates directly to this waiver or its negotiation, including any appeal under Title 18, United States Code, Section 3742 or any post-conviction proceeding, including but not limited to, a proceeding under Title 28, United States Code, Section 2255.

(Bufkin Plea Agreement, DE 24 at 4; Toney Plea Agreement, DE 32 at 4.)

1

government's response is silent on this issue. It's not clear whether this silence is by design so as to constitute the government's own waiver or an oversight so as to constitute a forfeiture. The Court will not second-guess the government, which knows its cases from the outset and knows them best. Whatever the reason, the plea agreement waiver question is not before the Court and the outcome of the § 2255 petition rests on the merits of the parties' arguments about whether kidnapping is a crime of violence as defined in § 924(c)(3).[2] As the Seventh Circuit Court of Appeals recently held in the context of a direct appeal, but which equally applies here, it is not. *See United States v. Jenkins*, 849 F.3d 390 (7th Cir. 2017).

As charged in this case, to establish guilt the government had to prove that each defendant brandished a firearm (or aided and abetted such brandishing) during and in relation to a crime of violence. (*See* Indict., Count 2, DE 15 at 2); 18 U.S.C. § 924 (c)(1)(A)(ii). Subsection 924(c)(3) defines a crime of violence as—

> an offense that is a felony and—
>
> (A) has as element the use, attempted use, or threatened use of physical force against the person or property of another,[3] or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.[4]

*Id.*

As related to this case, the purported crime of violence was kidnapping. (Indict., Count 2, DE 15 at 2).

---

[2] Both defendants were also charged with the offenses of kidnapping in Count 1 of the indictment, but the government moved at each defendant's sentencing for that count to be dismissed.
[3] Subsection (A) is commonly called the "force clause."
[4] Subsection (B) is commonly called the "residual clause."

While the petitions to vacate the convictions were pending, the Court of Appeals for the Seventh Circuit issued an opinion in *United States v. Jenkins*, 849 F.3d 390. Defendants supplemented their briefs with a notice of this opinion to which the government has not responded.

*Jenkins* held that "[b]ecause the Residual Clause, § 924(c)(3)(B), is unconstitutionally vague and kidnapping under § 1201(a) does not have, as an element, the use, threatened use, or attempted use of physical force" defendant Jenkins's conviction had to be reversed. In that case, the government presented arguments that are repeated in the instant case but the Court of Appeals rejected them all. The government's error was to rely on pre-*Johnson* cases, *see Jenkins*, 849 F.3d at 394, and to conflate the "force clause" with the "residual clause," *id.* at 393.

None of the pre-*Johnson* cases cited by the government in *Jenkins* (nor any of such cases cited by the government here) "found that kidnapping had physical force as an element, and one even expressly stated that it does not." *Jenkins*, 849 F.3d at 394 (referring to *Delgado-Hernandez v. Holder*, 697 F.3d 1125, 1130 (9th Cir. 2012) ("The federal kidnapping statute has no force requirement . . . .")). Rather, while kidnapping generally invokes the images of great danger and violence, kidnapping can be "accomplished without physical force" as well. *Id.* at 393. After all, a person commits a kidnapping offense when he "unlawfully seizes, confines, inveigles, decoys, kidnaps, abducts, or carries away and holds for ransom or reward or otherwise any person" and willfully transports him "in interstate or foreign commerce." 18 U.S.C. § 1201(a).

Both the first element of the offense—unlawfully seizing, confining, inveigling, decoying, kidnaping, abducting, or carrying away—and the second one—holding for ransom or reward or otherwise—can be accomplished without force, even if that is not the usual scenario

3

for kidnappings. That is to say, one cannot escape the charge of kidnapping if he can restrain himself from use of force and sets out to abduct another "civilly":

> For example, a perpetrator could lure his victim into a room and lock the victim inside against his or her will. This would satisfy the holding element of kidnapping under § 1201(a) without using, threatening to use, or attempting to use physical force.

*Jenkins*, 849 F.3d 390 at 393. While the government argues that kidnapping presents a constant danger of escalation, which could result in force being used even when none was planned, the force is simply not an element of the crime of kidnapping.

As for the residual clause of the definition of the crime of violence, that is, § 924(c)(3)(B), the Court of Appeals found it unconstitutionally vague. *See Jenkins*, 849 F.3d at 394 (citing *United States v. Cardena*, 842 F.3d 959, 996 (7th Cir. 2016).

For these reasons, and because the government waived or forfeited any argument about the defendants being foreclosed from bringing § 2255 petitions in this Court, the Court grants both petitions and vacates § 924(c) convictions for both Defendant Diamond Toney and Defendant Dedrick Bufkin.

SO ORDERED on September 15, 2017.

  s/ Joseph S. Van Bokkelen  
JOSEPH S. VAN BOKKELEN  
UNITED STATES DISTRICT JUDGE