UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| ) | |
| v.  ) | CAUSE NO.: 2:13-CR-54-JVB-JEM |
| ) | |
| DIAMOND TONEY and DEDRICK BUFKIN, ) | |
| Defendants. ) | |

## OPINION AND ORDER

This matter is before the Court on a Motion to Reinstate Count 1 [DE 92], filed by the government on September 27, 2017, and on a Motion to Lift Stay and Enter Judgment on Count 1 Kidnapping or, In the Alternative, Reinstate Count 1 Kidnapping [DE 177], filed on March 23, 2020. For the reasons stated below, the Court grants the motion first motion and lifts the stay as requested in the second motion.

## PROCEDURAL HISTORY

Defendants Diamond Toney and Dedrick Bufkin were charged by way of a two-count indictment on April 17, 2013. Count 1 charged Defendants with kidnapping in violation of 18 U.S.C. § 1201(a)(1), and Count 2 charged Defendants with knowingly brandishing a firearm during a crime of violence (specifically, the kidnapping charged in Count 1) in violation of 18 U.S.C.§ 924(c).

Both Defendants reached plea agreements with the government whereby Defendants would plead guilty to Count 2 and, in exchange, the government would dismiss Count 1. (Bufkin Plea Agreement ¶¶ 7.a., 7.c, ECF No. 24); (Toney Plea Agreement ¶¶ 7.a, 7.d., ECF No. 32). Both agreements also contained the following provision:

> I expressly waive my right to appeal or to contest my conviction and my sentence or the manner in which my conviction or my sentence was determined or imposed,

to any Court on any ground, including any claim of ineffective assistance of counsel unless the claimed ineffective assistance of counsel relates directly to this waiver or its negotiation, including any appeal under Title 18, United States Code, Section 3742 or any post-conviction proceeding, including but not limited to, a proceeding under Title 28, United States Code, Section 2255.

(Bufkin Plea Agreement ¶ 7.f); (Toney Plea Agreement ¶ 7.e).

The plea agreements further provided:

I understand that if I violate any of the provisions of this plea agreement, including my continuing obligation to demonstrate acceptance of responsibility, the United States may at its option either (1) ask the Court to make a determination that I have breached a term in this agreement in which event I will at sentencing lose the benefit of **all** the non-binding promises made by the government in this agreement and I would have no right to withdraw my guilty plea, or (2) The United States could seek to have the Court declare this entire plea agreement null and void, in which event I can then be prosecuted for all criminal offenses that I may have committed.

(Bufkin Plea Agreement ¶ 9); (Toney Plea Agreement ¶ 9). Defendants were sentenced in 2013, and the government dismissed Count 1.

In 2016, after the Supreme Court decided *Johnson v. United States*, 135 S.Ct. 2551 (2015), Defendants filed motions pursuant to 28 U.S.C. § 2255 to vacate their convictions and sentences, arguing that, under *Johnson*, kidnapping is not a crime of violence and, therefore, that Defendants were innocent of committing the statutory offense charged in Count 2 for which they were convicted. (Toney Mot. Vacate, ECF No. 71); (Bufkin Mot. Vacate, ECF No. 74).

The Court agreed with Defendants and vacated Defendants' convictions on Count 2 on September 15, 2017. In its order, the Court noted that the government "waived or forfeited any argument about the defendants being foreclosed from bringing § 2255 petitions in this Court." (Op. & Order 4, ECF No. 85). On September 27, 2017, the government filed the instant motion to reinstate the dismissed Count 1. Defendants filed a joint response in opposition on October 27, 2017. On November 3, 2017, the government filed a notice of appeal of the Court's ruling on the § 2255 petitions and a motion to stay proceedings on Count 1 until resolution of the appeal. The

Court granted that motion. Also on November 3, 2017, the government filed a motion to conduct an inquiry regarding any conflict of interest in joint representation of Defendants. That motion remains pending.

The Seventh Circuit Court of Appeals resolved the government's appeal by issuing an order on January 24, 2020. The appellate court affirmed this Court's ruling on the § 2255 motion (after the government's concession that it had no grounds on which to challenge the ruling, in light of new Supreme Court precedent). The appellate court remanded the case to this Court to resolve the issue of whether Count 1 should be reinstated. The Court ordered briefing on the issue of the asserted conflict of interest. These briefs were filed on March 24, 2020.

On March 23, 2020, the government filed the instant motion to lift the stay in this case, in which it requests that the stay be lifted and that judgment be entered against Defendants on Count 1. Neither defendant filed a response to that motion, but, as noted above, the case is stayed as to Count 1.

## ANALYSIS

### *Motion to Reinstate Count 1*

In the earlier-filed motion, the government argues that Count 1 should be reinstated because all of the elements of 18 U.S.C. § 3296(a) are met and the plain terms of the plea agreements call for reinstatement.

### A. 18 U.S.C. § 3296(a)

When criminal counts are dismissed pursuant to a plea agreement, district courts must reinstate those counts if:

> (1) the counts sought to be reinstated were originally filed within the applicable limitations period;
>
> (2) the counts were dismissed pursuant to a plea agreement approved by the District Court under which the defendant pled guilty to other charges;

3

> (3) the guilty plea was subsequently vacated on the motion of the defendant; and
>
> (4) the United States moves to reinstate the dismissed counts within 60 days of the date on which the order vacating the plea becomes final.

18 U.S.C. § 3296(a). The Court can consider any defense or objection, other than statute of limitations, to the prosecution of reinstated counts. *Id.* at § 3296(b).

*1.     Applicability of § 3296(a)*

Defendants argue that § 3296(a) does not apply. Defendants do not raise opposition to elements (1) and (2), but they do contest whether element (3) is met, which in turn implicates element (4). Defendants assert that they have sought only to have their convictions vacated instead of seeking to withdraw their guilty pleas. According to Defendants, because they have not recanted their admissions of committing the acts that were the factual basis of the conviction, they have not attacked their plea agreements or invalidated their guilty pleas.

In support, Defendants cite *United States v. Barron*, 172 F.3d 1153 (9th Cir. 1999), and *United States v. Binford*, 108 F.3d 723 (7th Cir. 1997). *Barron* (aside from being non-precedential authority in this judicial circuit) is readily distinguishable: it was decided before Congress enacted § 3296 in 2002. *Binford* also predates the statute's enactment. Further, there is no indication in *Binford* that the government asked to reinstate a dismissed count. Out of the three counts charged, Binford pled guilty to two and the other count was dismissed. *Binford*, 108 F.3d at 725. After a successful § 2255 motion, one of the two convictions was vacated, and Binford was resentenced on the remaining count. *Id.* Binford then appealed that resentencing, leading to the appellate opinion that Defendants cite. *See id.* Whether the dismissed count could be reinstated was not at issue. The Court will not interpret the absence of a discussion of a remedy not before the appellate court as that court having decided that the remedy does not exist.

Further, Defendants' argument that they have only asked to vacate their convictions and not their guilty pleas runs counter to the nature of guilty pleas. "A plea of guilty is more than a confession which admits that the accused did various acts; *it is itself a conviction*; nothing remains but to give judgment and determine punishment." *Boykin v. Alabama*, 395 U.S. 238, 242 (1969) (emphasis added); *accord Brady v. United States*, 397 U.S. 742, 748 (1970) ("[T]he plea is more than an admission of past conduct; it is the defendant's consent that judgment of conviction may be entered"). Put another way, if the convictions were vacated but the guilty pleas remained in place, then the next step for the Court would be to enter judgments against Defendants and sentence them on Count 2 because they have pled guilty to that count. This is not the relief Defendants requested in their § 2255 motions.

The Eastern District of Virginia faced a similar argument in *United States v. Johnson*, 420 F. Supp. 3d 462 (E.D. Vir. Nov. 22, 2019). In *Johnson*, the defendant argued that § 3296 did not apply because he moved, in a § 2255 motion, to dismiss two § 924(c) counts as legally insufficient to state a claim. *Id.* at 469. However, the defendant's motion asked the court to "vacate [his] convictions and remand for new proceedings." *Id.* (alteration in original). "Thus," the court concluded, "upon granting Defendant's § 2255 Motion and vacating his convictions on Counts Seven and Nine, which are the only counts he pled guilty to and was convicted of by this Court, the Court has effectively vacated the Defendant's guilty plea." *Id.*; *accord Carr v. United States*, No. 2:06-CR-14, 2014 WL 683711, at *2 (E.D.N.C. Feb. 20, 2014) (finding the elements of § 3296 "in effect, are satisfied here upon vacating petitioner's conviction as to count three of the indictment"); *Ricks v. United States*, 921 F. Supp. 2d 501, 503 (E.D.N.C. 2013) (""[U]nder the circumstances here, the practical effect of vacating petitioner's conviction on Count One undoes the plea agreement and hence petitioner's guilty plea.").

5

The Court agrees with the *Johnson* court's analysis. The only way for Defendants to obtain the relief that they sought—and that the Court granted—is to vacate their convictions, and the only way to vacate the conviction is to vacate the guilty pleas because, as *Boykin* instructs, the pleas are themselves the convictions. Thus, the Court concludes that Defendants' guilty pleas were vacated on Defendants' motions, and the government timely moved to reinstate Count 1 after the guilty pleas were vacated. The elements of § 3296(a) are met.

### B. Breach and Waiver

Next, the Court must decide whether, by asking the Court to reinstate Count 1, the government has breached the plea agreements it reached with Defendants. Defendants argue that breach occurred. Certainly, the government agreed to dismiss Count 1, and, if the plea agreements stand, then the Defendants' request for the Court to enforce specific performance of the plea agreements may be meritorious. The government argues, however, that Defendants' breach of the plea agreements relieved the government from its obligations under those same agreements. Defendants counter that their actions did not constitute breach, but the Court finds that the government is correct.

> In their plea agreements, Defendants each agreed to the following term:
>
> I expressly waive my right to appeal or to contest my conviction and my sentence or the manner in which my conviction or my sentence was determined or imposed, to any Court on any ground, including any claim of ineffective assistance of counsel unless the claimed ineffective assistance of counsel relates directly to this waiver or its negotiation, including any appeal under Title 18, United States Code, Section 3742 or any post-conviction proceeding, including but not limited to, a proceeding under Title 28, United States Code, Section 2255.

(Bufkin Plea Agreement ¶ 7.f, ECF No. 24); (Toney Plea Agreement ¶ 7.e, ECF No. 32). Defendants assert that they "challenged only the validity of their convictions . . . and did not attack the plea agreement itself." (Defs.' Obj. 7-8, ECF No. 103). However, in the plea agreements, Defendant expressly waived their right to contest their convictions (except for the explicitly named

exception). The waiver does not include an exception for challenging a conviction based on a claim of actual innocence, and Defendants do not cite any precedential case law for the proposition that raising a claim of actual innocence does not violate their plea agreements. *Cf. Nelson v. United States*, No. 16-1114, 2016 WL 7115907, at *1 (C.D. Ill. Dec. 6, 2016) ("[Petitioner] asks the Court to vacate his conviction in order to allow him to proceed with his claim of actual innocence. So long as the Plea Agreement stands, however, the waiver of the right to appeal or pursue collateral relief must generally be enforced." (citing *United States v. Blinn*, 490 F.3d 586, 588 (7th Cir. 2007); *Jones v. United States*, 167 F.3d 1142, 1144 (7th Cir. 1999); *United States v. Nelson*, 124 F.3d 206, 1997 WL 374712, at *1 (7th Cir. July 1, 1997) (Table); *Doe v. United States*, 51 F.3d 693, 698 (7th Cir. 1995))); *Vassen v. United States*, No. 15-243, 2015 WL 5782343, at *3 (S.D. Ill. Oct. 5, 2015) (quoting provisions from a plea agreement that contains an exception to the waiver of appeal for claims of actual innocence); *but see United States v. Adams*, 814 F.3d 178, 182 (4th Cir. 2016) (refusing to enforce an appellate waiver in light of a showing of actual innocence).

Defendants insist that "[c]learly, neither Ms. Toney nor Mr. Bufkin seek to undo the plea agreement," *id.* at 8, but that is inaccurate. Defendants wish to hold the government to its promises made in the plea agreements even though Defendants themselves have not upheld their ends of the bargains. This is not a form of relief available to Defendants. *See United States v. Hare*, 269 F.3d 859, 860-61 (7th Cir. 2001) ("Hare did not ask the district court to set aside his plea, and even on appeal he does not seek that relief; he wants the benefits of the agreement shorn of one detriment [a waiver of appeal], an outcome to which he could not be entitled."). Defendants' filing of their § 2255 motions breached the plea agreement.[1]

---

[1] Defendants' reliance on *United States v. Sandoval-Lopez*, 122 F.3d 797 (9th Cir. 1997) is misplaced, as the plea agreement in that case did not include a general waiver of the right to appeal or file § 2255 motions. The waiver in

Defendants say that any right the government had to enforce the appellate waivers have themselves been waived. Certainly, the time for the government to seek to dismiss Defendants' § 2255 motions based on the appellate waivers has passed. However, the plea agreements explicitly provide that, if Defendants violate any of the provisions of their plea agreements, the government can, at its option, "seek to have the Court declare this entire plea agreement null and void, in which event I can then be prosecuted for all criminal offenses that I may have committed." (Bufkin Plea Agreement ¶ 9, ECF No. 24); (Toney Plea Agreement ¶ 9, ECF No. 32).[2]

"Disputes over plea agreements are usefully viewed through the lens of contract law." *United States v. Bownes*, 405 F.3d 634, 635 (2005). Under Indiana law,

> [w]aiver is the intentional abandonment or relinquishment of a known right. In the context of a breach of contract, it includes giving up the right to treat the contract as breached by the other party. However, waiver is an affirmative act and mere silence, acquiescence or inactivity does not constitute waiver unless there was a duty to speak or act.

*Bobeck Real Estate Co., Inc. v. Frontier North Inc.*, 120 F. Supp. 3d 845, 853-54 (N.D. Ind. 2015) (citations and quotation marks omitted) (quoting *Pohle v. Cheatham*, 724 N.E.2d 655, 659 (Ind. Ct. App. 2000); *Waxman Indus., Inc. v. Trustco Dev. Co.*, 455 N.E.2d 376, 378 (Ind. Ct. App. 1983)) (citing *Tri-State Carbonic, LLC v. Orscheln Farm and Home LLC*, No. 4:10-CV-71, 2011 WL 3878277, at *5 (S.D. Ind. Aug. 31, 2011)). Defendants cite a case applying Illinois law for the proposition that conduct inconsistent with an intent to enforce a right is waiver of that right, *Saverslak v. Davis-Cleaver Produce Co.*, 606 F.2d 208, 213 (7th Cir. 1979), but even under this inapplicable, out-of-state standard the Court cannot say that the government's actions were

---

that case was the defendants' waiver of their right to appeal or contest their convictions *on a specific ground*. *Id.* at 801. The Ninth Circuit Court of Appeals found that the defendants were not in breach for challenging their convictions on a different basis than the one enumerated in the plea agreement. *Id.* at 802.

[2] Notably, the Seventh Circuit Court of Appeals has found that, when a defendant breaches a waiver of appeal, the government can, as a remedy, get both dismissal of the appeal *and* reinstatement of dismissed counts. *See Hare*, 289 F.3d at 862-63.

8

inconsistent with an intent to seek reinstatement of Count 1. Section 3296(a) provides the government with 60 days after the final order vacating the guilty plea to file a motion to reinstate, and the government acted accordingly. The government did not intentionally abandon or relinquish their right to pursue the remedy of reinstatement as provided in the plea agreements.

In sum, Defendants exercised their right to challenge their convictions. They had previously waived that right, so they were in breach of their plea agreements. The government now asks the Court for the bargained-for relief explicitly provided for in the plea agreement in the event of a breach. Throughout the pendency of Defendants' § 2255 motions, the government acted consistently with an intent to seek reinstatement and acted in accordance with a statute that provides a time within which to make such a request, so the government did not waive its right for the relief requested.

### C. Due Process

Defendants, citing *United States v. Adams*, 814 F.3d 178 (4th Cir. 2016), argue that to reinstate Count 1 would violate Defendants' due process rights. However, a key distinction separates *Adams* from the instant case. In the Fourth Judicial Circuit, claims of actual innocence are considered to be outside of the scope of appellate waivers, so Adams could bring his claim without breaching his plea agreement. There is no similar doctrine in the Seventh Judicial Circuit. As found above, Defendants breached their plea agreement. Because Defendants did not uphold their agreement to not contest their convictions, the government will not be held to its agreement to dismiss Count 1. There is something to explain the government's actions other than vindictiveness for Defendants' successful § 2255 motion. The explanation is that the government's agreement to dismiss Count 1 was conditioned upon the Defendants' agreement to abide by the terms of the plea agreement. "If the defendant does not keep his promises, the prosecutor is not

9

bound either." *Hare*, 269 F.3d at 862; *accord United States v. Anderson*, 514 F.2d 583, 587 (7th Cir. 1975) ("The Government here did not unequivocally relinquish its right to prosecute Anderson for violating section 2113(d). Instead, it conditionally relinquished this right provided Anderson was convicted of and remained convicted of the section 2113(b) offense. . . . When the section 2113(b) conviction was vacated the condition precedent to the Government's agreement not to prosecute no longer existed.").

### D. Frustration of the Purpose and Mutual Mistake

Because the government's motion should be granted on other grounds, the Court need not determine whether either frustration of the purpose or mutual mistake would independently create a ground on which to reinstate Count 1 in contravention of the plea agreements.

### *Motion to Lift Stay and Enter Judgment*

This case is currently stayed as to Count 1, but the stay will be lifted because the appeal regarding Count 2 has concluded, and the appeal was the basis for the stay.

In this later-filed motion, the government asks not only that Count 1 be reinstated but also that judgment be entered against Defendants on that count. Unlike the first motion, this motion was filed after the government filed a motion to conduct a conflict inquiry and after the case was stayed on Count 1. The government argues in its recently filed brief regarding a potential conflict of interest between Defendants that Defendants would have different motives in responding to the government's motion. With the stay now lifted, Defendants should be given an opportunity to respond to the government's new argument that judgment should be entered against them on Count 1. However, because, per the government's argument, there is a potential conflict of interest, the Court finds that the conflict issue must be resolved before Defendants are required to respond to the question of entering judgment. Accordingly, the request to enter judgment is denied without

prejudice, and the request may be renewed after the resolution of the motion to conduct conflict inquiry.

## CONCLUSION

Based on the foregoing, the Court hereby **GRANTS** the Motion to Reinstate Count 1 [DE 92] and **GRANTS in part** the Motion to Lift Stay and Enter Judgment on Count 1 Kidnapping or, In the Alternative, Reinstate Count 1 Kidnapping. The Court **LIFTS** the stay entered in this case and **ORDERS** that Count 1 of the Indictment is **REINSTATED** as to both Defendants. The request to enter judgment as to Count 1 is **DENIED without prejudice and with leave to refile** after the resolution of the pending motion to conduct conflict inquiry.

SO ORDERED on April 23, 2020.

<u>s/ Joseph S. Van Bokkelen</u>
JOSEPH S. VAN BOKKELEN, JUDGE
UNITED STATES DISTRICT COURT